UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYON COVINGTON,

    Petitioner,

v.                                        Case No. 25-10957
                                          Hon. Jonathan J.C. Grey

THE PEOPLE OF THE STATE
OF MICHIGAN,

    Respondent.
_____/

**OPINION AND ORDER (1) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   INTRODUCTION**

Petitioner Maryon Covington is a state inmate in the custody of the Michigan Department of Corrections. While he was a pretrial detainee, Covington filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (ECF No. 1.) At the time Covington filed the petition, he was awaiting trial in the Wayne County Circuit Court on charges of felony-murder, armed robbery, and two counts of felony-

firearm. (ECF No. 1, PageID.2.) During the pendency of this case, a jury convicted Covington of each of the charged crimes.[1]

The Court has carefully reviewed the petition, and for the reasons explained below, the petition is **DENIED**. The Court also declines to issue a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. BACKGROUND

Covington was a pretrial detainee awaiting trial in the Wayne County Circuit Court when he initiated the present habeas action. (ECF No. 1, PageID.1–2.) Covington seeks habeas relief on the basis that (1) he did not receive a judicial probable cause determination within 48 hours after his arrest, (2) officers interrogated him without counsel, (3) the state prosecutor relied on fabricated evidence and suppressed exculpatory material, and (4) a state court denied his habeas petition without an evidentiary hearing. (*Id.* at PageID.2.)

Publicly available records for the Wayne County Circuit Court show that the circuit court held a jury trial on April 22, 2025, and a jury found

---

[1] Michigan Department of Corrections, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=837225 [https://perma.cc/F3CJ-KF62] (last visited June 16, 2025).

2

Covington guilty of the charged crimes. The circuit court sentenced Covington on May 16, 2025.

### III. LEGAL STANDARD

Upon the filing of a habeas corpus petition, the Court must examine the petition to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing Section 2254 Cases, Rule 4. If the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ."). The Rules Governing Section 2254 Cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rules Governing Section 2254 Cases, Rule 1(b).

### IV. DISCUSSION

"A petition for a writ of habeas corpus must present facts that give rise to a federal cause of action," or it may be summarily dismissed. *Switek v. Michigan*, 587 F. Supp. 3d 622, 624 (E.D. Mich. 2021). A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241(c)(3) if he is in

3

custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). "In the absence of 'special circumstances,' federal habeas relief is not available to review the merits of an affirmative defense to a state criminal charge before the state court issues a judgment of conviction." *Switek*, 587 F. Supp. 3d at 625 (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973)). In other words, "[a] state criminal case is ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals." *Id.* (citing *Allen v. Att'y Gen. of Me.*, 80 F.3d 569, 572 (1st Cir. 1996)).

The Sixth Circuit has recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: (1) the petitioner seeks a speedy trial and available state-court remedies have been exhausted; (2) the petitioner seeks to avoid a second trial on double jeopardy grounds; and (3) the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial. *See Hill v. Welsh*, No. 21-1759/21-1784, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins v. Michigan*, 644 F.2d 543, 546–547 (6th Cir. 1981); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and *Turner*

*v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989)).

The Court must dismiss Covington's petition for multiple reasons. First, Covington has not presented a "special circumstance" justifying federal court intervention at the pretrial stage. Second, even if Covington successfully alleged a special circumstance, his § 2241 habeas claims are moot due to his recent conviction. If convicted of pending charges, a pretrial detainee's § 2241 petition becomes moot due to the conviction. *See Murphy v. Hunt*, 455 U.S. 478, 481–482 (1982) (per curiam) (holding that a pretrial detainee's claim to pretrial bail became moot once convicted); *see also Stampone v. Lajoye-Young*, No. 22-1464, 2022 WL 3651312, at *1 (6th Cir. Aug. 1, 2022) (citations omitted) ("Once Stampone was convicted, his request for release from pre-trial confinement became moot".); *Yohey v. Collins*, 985 F.2d 222, 228–229 (5th Cir. 1993) (citations omitted) (denying as moot a pretrial detainee's § 2241 petition because of his conviction); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (citations omitted) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297,

5

299 (2d Cir. 1973) (citations omitted) ("Since Thorne is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). Since a jury convicted Covington after he initiated this § 2241 habeas action, his claims arising from his pretrial detention are moot. He is not entitled to habeas relief under § 2241.

Finally, under proper circumstances, a pretrial § 2241 petition may be re-characterized as a petition under 28 U.S.C. § 2254 after the petitioner is convicted in state court. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (citing *Dominguez v. Kernan*, 906 F.3d 1127, 1137 (9th Cir. 2018)). However, such a re-characterization is not proper as Covington has yet to appeal his conviction in the state courts. At this time, the petition is premature. Accordingly, the only proper action is to dismiss the petition.

## V. CONCLUSION

For the reasons stated, the Court concludes that Covington is not entitled to federal habeas relief. Accordingly, the Court **DISMISSES WITH PREJUDICE** the habeas petition.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *Winburn v. Nagy*, 956 F.3d 909, 911–912 (6th Cir. 2020) (ruling that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a habeas petition). A court may grant a certificate of appealability only when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it debatable whether the

7

court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. Petitioner makes no such showing. Reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, an appeal of this decision would lack an arguable basis in law and fact given the posture of the § 2241 petition and Covington's conviction. Therefore, an appeal of this decision would be frivolous, and frivolous appeals cannot be taken in good faith. *Bridges v. Blackmon*, No. 23-3911, 2024 WL 4615351, at *1 (6th Cir. May 8, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(3)(A)

This case is closed.

**SO ORDERED**.

Date: June 17, 2025

s/Jonathan J.C. Grey
Jonathan J.C. Grey
United States District Judge

8

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 17, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager
